NF

UNITED STATES FEDERAL COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUL - 8 2019 RG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**KRYSTAL SIMMS,**                                                        )
                                                                          )
    **PLAINTIFF,**                                               )
                                                                          )   1:19-cv-04587
v.                                                                        )   Judge Robert W. Gettleman
                                                                          )   Magistrate Judge Gabriel A. Fuentes
**BOARD OF TRUSTEES OF NORTHERN**                                        )
**ILLINOIS UNIVERSITY, NORTHERN**                                        )
**ILLINOIS UNIVERSITY COLLEGE OF LAW,**                                  )
**LISA C. FREEMAN,** (individually and in her                            )
official capacity), **LIZ WRIGHT** (individually and                     )
in her official capacity), **KATHLEEN COLES**                            )
(individually and in her official capacity),                              )
**YOLANDA KING** (individually and in her official                       )
capacity), **MARC FALKOFF** (individually and in                         )
his official capacity), **MARC CORDES** (individually                    )
and in his official capacity), **ERIC DANNEMAIER**                       )
(individually and in his official capacity), **DEBRA**                   )
**MILLER** (individually and in her official capacity),                  )
**AMANDA NEWMAN** (individually and in her                               )
official capacity), and **MATT STREB** (individually                     )
And in his official capacity),                                            )
                                                                          )
    **DEFENDANTS.**                                              )
                                                                          )
                                                                          )   **PLAINTIFF DEMANDS**
                                                                          )   **TRIAL BY JURY**
                                                                          )

## COMPLAINT

Now comes the plaintiff, Krystal Simms, for her complaint against Defendants Northern Illinois University College of Law, Board of Trustees of Northern Illinois University, Lisa C. Freeman, Liz Wright, Kathleen Coles, Yolanda King, Marc Falkoff, Marc Cordes, Eric Dannemaier, Debra Miller, Amanda Newman, and Matt Streb, states as follows:

1

## THE PARTIES

1. Plaintiff Krystal Simms ("Simms") is a resident of Dupage County, Illinois, who was admitted to the juris doctor program at the Defendant Northern Illinois University College of Law ("COL") beginning in the fall of 2016.

2. The Defendant, the Board of Trustees of Northern Illinois University ("the Board"), is a body politic duly promulgated by the State of Illinois, 100 ILCS § 520, and can sue and be sued.

3. At all relevant times the Defendant, Northern Illinois University ("NIU") and Northern Illinois University College of Law ("COL") operated under the direction and control of the Defendant, the Board.

4. At all relevant times, the Board had the power to employ individuals as decision makers to effectuate the rules and regulations for NIU and COL.

5. At all relevant times, Defendant Lisa C. Freeman ("Freeman") was employed by NIU, now as President (from September 2018), previously as Acting President (from July 2017), and previously as Executive Vice President and Provost (from May 2014).

6. At all relevant times, Defendant Liz Wright ("Wright") was employed by NIU, now as the Executive Assistant to President Freeman and previously as Executive Assistant to Provost Freeman.

7. At all relevant times, Defendant Kathleen Coles ("Coles") was employed by COL as Associate Dean for Student Affairs.

16. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. §1343. This Court also has supplemental jurisdiction over non-federal claims pursuant to 28 U.S.C. § 1367. Declaratory and Injunctive relief are authorized by 28 U.S.C. §§ 2201 et. seq.

17. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b).

## COMMON FACTUAL ALLEGATIONS

18. Simms has been diagnosed with attention deficit disorder, dyspraxia, and a history of depression.

19. Simms is a graduate of Carleton College, she achieved this success despite significant special needs.

20. During the summer of 2016, Simms applied for transfer admission to NIU.

21. In August of 2016, Defendant COL sent Plaintiff a letter stating that she had been accepted for admission to COL.

22. In August of 2016, Simms accepted the offer of admission to COL.

23. In September of 2016, Simms met with her assigned DRC Consultant Newman, and received a corrected authorization letter for support services to be used while at NIU COL, to accommodate her known disabilities (Exhibit A).

24. Simms presented this letter to Coles and, as required, Simms informed each of her professors as to her need for academic accommodations, and attempted to negotiate access to these accommodations.

25. During the fall term of 2016, Simms experienced difficulties in obtaining the accommodations which had been approved by the DRC.

36. Miller sent an email to the COL requesting a meeting.

37. Miller reversed her offer of assistance, stating that the COL had the authority over law students, declining any involvement.

38. Plaintiff enrolled in summer courses and in a summer internship to work at a legal clinic operated by COL.

39. Simms attempted to gain assistance from the NIU Provost's office, speaking with Wright on several occasions.

40. Wright initially stated that she was investigating the matter on multiple occasions, convincing Simms that a resolution was forthcoming.

41. During one conversation, Wright stated that she thought the matter had been handled already and would look into it.

42. Shortly after this conversation, Simms learned that she had been dismissed from COL, after attempting to alter her course schedule for the fall and learning that her schedule had been deleted.

43. Defendants Coles, King, Falkoff, and Cordes were all aware of the situation regarding Simms' requests for accommodations.

44. Simms learned that the notice of dismissal had been sent to her by email, a method which was calculated to fail (Exhibit B).

45. Simms attempted to speak with the Provost of NIU and was blocked by Wright.

46. Simms attempted to speak with the President of NIU and was blocked by Streb.

57. Defendants' decision to dismiss plaintiff from COL and/or their refusal to engage in the interactive process are willful violations of Plaintiff's rights under the Americans with Disabilities Act.

58. Further, Defendants refusal to accommodate and decision to dismiss Simms from COL were, in part, retaliation for Plaintiff's complaint to the American Bar Association representatives, her attempts to bring attention to the failures in disability accommodations at COL, and her persistence in trying to change COL practices in regards to disability accommodations.

WHEREFORE, plaintiff respectfully prays that this Honorable Court, pursuant to statute and FRCP 65, enter a preliminary and/or permanent injunction against the defendants compelling them to re-admit plaintiff as a student at NIU COL immediately and allow her to remain enrolled as long as she meets academic and behavioral standards.

Plaintiff further prays that this Honorable Court enter a judgment in her favor and against the defendants, jointly and severally, in the amount of $1,000,000.00 in compensatory damages plus costs and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT II - SECTION 504 OF THE REHABILITATION ACT OF 1972, 29 USC 701
## (FAILURE TO ACCOMMODATE)

59. Plaintiff repeats and re-alleges the allegations in paragraphs 1-52 as her allegations for this Count II, as if fully restated herein.

60. The Rehabilitation Act prohibits a covered entity in receipt of federal funds from discriminating against an individual based upon her disabilities.

61. The Defendant is a covered entity in receipt of federal funds.

62. Plaintiff is disabled within the meaning of the Rehabilitation Act.

9

70. By refusing to intervene or mediate the conflict between Simms and Defendants and/or enforce institutional rules regarding disability accommodations, Wright, Streb, and Freeman contravened Simms' rights.

71. As a result, the Defendant, the Board, breached its contract with Simms, causing Plaintiff to suffer significant damages.

72. DRC has a contract with each student of NIU, most especially each student it supplies with an authorization for accommodations.

73. By refusing to intervene or mediate the conflict between Simms and Defendants and/or enforce institutional rules regarding disability accommodations, Miller and Newman contravened Simms' rights.

74. As a result, the Defendant, the Board, breached its contract with Simms, causing Plaintiff to suffer significant damages.

## COUNT IV - BREACH OF CONTRACT (AGAINST ALL DEFENDANTS)

75. Plaintiff repeats and re-alleges the allegations in paragraphs 1-52 as her allegations for this Count IV, as if fully restated herein.

76. Every contract made in the state of Illinois has an implied duty to act in good faith and fair dealing.

77. By conducting the disciplinary process as it did and/or by refusing to engage in an interactive process over accommodations and/or declining to enforce institutional rules regarding disability accommodations, the Defendants' breached that duty.

C. Punitive damages to be determined by the court and to the extent permitted by law;

D. Readmission to COL with the requirement the Simms be allowed to retake and/or rewrite any and all exams that were affected by the Defendant's failure to accommodate;

E. Compensation for pain and suffering;

F. All Court related fees and expenses;

G. Prejudgement interest; and

H. Such other and further relief as this Honorable Court may deem just and equitable.

Respectfully Submitted,

Dated: July 5th, 2019

*Krystal Simms*
Krystal Simms
Plaintiff
20 Danada Sq West #193
Wheaton, IL 60189
651-235-0681

13



DISABILITY RESOURCE CENTER
DIVISION OF STUDENT AFFAIRS & ENROLLMENT MANAGEMENT
HEALTH SERVICES BUILDING 400
DEKALB, ILLINOIS 60115-2828
(815) 753-1303
FAX (815) 753-9570

## Letter of Accommodation*
### Academic Year 2016-17

Dear Dean Coles,

Krystal Simms has registered with the NIU Disability Resource Center (DRC) and is entitled to the identified accommodations below. To ensure compliance with federal and state laws, such as the Americans with Disabilities Act of 1990, as amended, and Section 504 of the Rehabilitation Act of 1973, NIU has designated the DRC as the department responsible for ensuring that student requests for accommodations are implemented.

**Students are required to present this letter of accommodation to their instructors in courses where they plan to use their accommodations. Accommodations are not active in the classroom until this letter has been given to the instructor and a discussion has commenced regarding the implementation of the accommodations. Further, accommodations are not retroactive and cannot, without the instructor's approval, be applied to previous work.**

Accommodations are influenced by the design and delivery of course instruction. The accommodations listed below may need to be adjusted based on course design, content, and/or delivery**. DRC staff are available to students and faculty to consult regarding the implementation of accommodations. To consult with a staff member, please contact the DRC during University business hours at: drc@niu.edu or call 815-753-1303.

Krystal has participated in an interactive process and is entitled to the following accommodations:

| Classroom Accommodations | Exam Accommodations |
|---|---|
| • Alternate Media/E-Text: Digital Audio<br>• Extension of due dates: to be discussed with professor and mutually agreed upon.<br>• Notetaking assistance | • Extra time: 2<br><br>• Distraction reduced environment |

Signature DRC Staff: _____
Printed DRC Staff: Amanda Newman
Date: September 21, 2016

Student Signature: *Krystal S.*
Printed Student Name: Krystal Simms
Date: September 21, 2016

\* **Confidential:** All information in this letter is confidential. All discussions and dealings with the student about their disability status and accommodations should be conducted privately and in a manner that preserves the student's rights to confidentiality.

\*\*Some accommodations may need to be individualized for each course. DRC staff members strongly encourage students and faculty members to set up an appointment to discuss how each accommodation will be implemented in the class setting. For example, if a student receives an accommodation of exceptions to absentee/tardiness policies, how will that accommodation be implemented?

*Exhibit A*

**Northern Illinois University**
*College of Law*

Office of the Dean
Swen Parson, Room 270
DeKalb, Illinois 60115-2828
815-753-1068
Fax 815-753-8552
www.niu.edu/law

June 29, 2017

Ms. Krystal Simms
27 North Wacker Drive, #223
Chicago, IL 60606

Dear Ms. Simms:

Based upon your performance during the 2016-2017 academic year, I regret to inform you that you are no longer in academic good standing. Your current transcript reflects a cumulative grade point average (GPA) of 1.78 at the end of the 2016-2017 academic year and an annual GPA of 1.78 for your third and fourth semesters. By both measures, you are below the required GPA of 2.2.

Under the academic policies of the College of Law, you will now be dismissed from law school unless you seek and are granted reinstatement. If you wish to continue your law school studies, you will need to submit a written petition in the form of a letter to me and to the Academic Standing Committee of the faculty. The committee will then meet, discuss the petition and make a recommendation whether or not you should be reinstated. The final decision whether to grant the petition is in the dean's discretion, but the recommendation of the Academic Standing Committee will be a significant factor in that decision.

As a matter of policy, the Academic Standing Committee will recommend a student's reinstatement only if it finds that

> (1) there were material events or circumstances of an unusual nature, beyond the student's control, that significantly affected his or her ability to perform; or, for students who have completed only one year, that there has been a significant improvement in academic performance during the second semester, and
>
> (2) there is a likelihood that the student will be able to raise his or her cumulative GPA to 2.2 by the end of the academic year of reinstatement and to maintain this standard for the remainder of his or her academic career.

Your petition should address *both* prongs of the standard for reinstatement. In addition, you should be aware that the dean frequently imposes as a condition of reinstatement that students achieve a 2.5 average in the courses taken during the first semester of the following year. If reinstated students do not meet that GPA requirement, they are dismissed from law school in January and are not eligible for another reinstatement.

If you wish to apply for reinstatement, *please submit a petition by no later than 2:00 p.m. on Friday, July 7, 2017.* I recommend that you either fax the petition directly to (815) 753-8552 or send it electronically to tkaus@niu.edu. You should also send the original, signed copy of the

*Exhibit B*

petition by first-class mail to me at the above address. Only the electronic version needs to arrive by July 7.

I anticipate that the Academic Standing Committee will meet soon after July 7 and will send its recommendation to me shortly after the meeting. If you do not petition for reinstatement by the July 7 deadline or if your petition is denied, you will be academically dismissed and withdrawn from all fall courses for which you are currently registered. If you are enrolled in any summer school courses at the time of dismissal, your final grades will be converted to a pass/fail score.

If your petition for reinstatement is granted, you will be on probation for at least the following year. Among other conditions, this means that you will be required to participate in Law 616: Legal Analysis: Skills and Strategies in the Fall 2017 semester and the Bar Fundamentals Workshop in the Spring 2018 semester. Law 616 meets on Thursdays from 9:00 to 10:15 a.m.; the day and time for the workshop will be announced around November 2017. Other conditions to reinstatement will be explained more fully at a later time if your petition is granted.

Attached to this letter is a copy of the current academic standing policies adopted by the faculty, which (among other policies) sets forth the GPA requirements for upper-level good standing, the criteria for reinstatement, and the policies relating to summer school courses for those students who are subject to dismissal. Also attached is an unofficial current transcript.

If Associate Dean Coles can be of assistance to you during the petition process or if you have any questions, please contact her by telephone at 815-753-0668 or by e-mail at kcoles@niu.edu.

Sincerely,

*[signature: M. W. Co...]*

Mark W. Cordes
Interim Dean and Professor of Law


cc:   Associate Dean Falkoff
      Associate Dean Coles